Katie M. ELLISON, Appellant,

v.

TRAILITE, INC., et al., Appellees.

No. B2041.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 28, 1979.

Rehearing Denied April 18, 1979.

Charles Morgan, Houston, for appellant.

Barham Bratton, Clark, Thomas, Winters & Shapiro, Joseph V. Crawford, Wofford Denius, Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellees.

Before J. CURTISS BROWN, C. J., and COULSON and CIRE, JJ.

## ON MOTION TO REFORM

CIRE, Justice.

Katie M. Ellison appeals from summary judgments rendered in favor of Trailite, Inc. and Janie S. Langston. The suit grew out of an alleged assault and battery by Janie S. Langston upon appellant after a disagreement between them on the premises of Trailite, Inc., and after appellant had resigned or was fired from her employment at Trailite. Appellant filed a personal injury action against Langston and against Trailite, Langston's employer, based on the doctrine of respondeat superior.

Appellees moved for summary judgments on the ground that appellant had been injured in the course and scope of her employment and was covered by a policy of workmen's compensation issued by Texas Employers' Insurance Association. Separate summary judgments were rendered for each appellee that appellant take nothing. This appeal followed.

While there is some dispute as to the actual occurrence of the events alleged by appellant, there is no genuine dispute between the parties as to the time sequence of the alleged events, if they occurred. This sequence of events was as follows: a disagreement arose between appellant and appellee Langston; appellant either resigned or was fired from her position; appellant remained on the premises of Trailite while her severance check was prepared; a further altercation ensued during the course of which appellant was struck by a thrown object and injured. Appellees argue that in remaining on the premises to pick up her check appellant was serving Trailite's purposes and performing her last act as an employee. They urge that she was therefore injured in the scope of employment and has an exclusive remedy under the workmen's compensation statute. Appellant argues that once she resigned or was fired she was no longer in the scope of employment and so was not covered by compensation.

This case presents a question apparently not heretofore faced by Texas courts. We hold that once employment is terminated by resignation or by the employee's being fired, no injury thereafter incurred is received within the course of his employment, for purposes of workmen's compensation law. This rule is limited to those cases where the resignation or firing occurs in a place of safety and the parties are not subject to the inherent hazards arising from the employment itself.

In the case before us, then, appellant, after resigning or having been fired, as a matter of law was not in the course of her employment as she stood in the office of Trailite waiting to receive her severance check.

Appellees contend that because appellant had not left the premises of Trailite, and because so little time had elapsed, her employment had not actually terminated at the time of the injury. Once appellant resigned or was fired, the relationship of employer-employee ceased to exist between appellee Trailite and appellant regardless of whether appellant physically remained on the premises. Further, the question of the time which elapsed between the time appellant resigned or was fired and when she picked up her check is immaterial. If appellant had returned to Trailite three days later to receive the check, there would be no question that her employment had terminated and that such act was not within its scope. Likewise the fact that an hour, or only a few minutes, had elapsed can have no bearing on this question.

Appellees rely on cases in which employees were injured after working hours or

while on vacation and were found to be within the scope of employment. *Texas General Indemnity Co. v. Luce,* 491 S.W.2d 767 (Tex.Civ.App.-Beaumont 1973, writ ref'd n. r. e.); *Royalty Indemnity Co. v. Madrigal,* 14 S.W.2d 106 (Tex.Civ.App.-Beaumont 1929, no writ). These cases are not on point, since there the relationship of employer-employee still existed and the employee was injured while following the instructions of his employer. Further, the rule is that to be within the scope of employment the injury must have been "received during a period of time when the injured employee was required or authorized by the contract of employment to be actually engaged about or in furtherance of the employer's work or business . . . ." *Lesco Transportation Co. v. Campbell,* 500 S.W.2d 238, 241 (Tex.Civ.App.-Texarkana 1973, no writ). It follows that when the contract of employment no longer exists, no act or injury can be within the course of employment for purposes of recovering under the Workmen's Compensation Act.

Accordingly, since appellant was as a matter of law not within the scope of employment at the time of the alleged injury, it was error to grant summary judgment for appellees. We therefore reverse and remand to the trial court.

Reversed and remanded.