Lawana BRYANT, Appellant,

v.

INA OF TEXAS, Appellee.

No. 10–84–019–CV.

Court of Appeals of Texas,
Waco.

June 28, 1984.
Rehearing Denied Aug. 2, 1984.

Paul W. Pearson, Dallas, J. Thomas Sullivan, Santa Fe, N.M., for appellant.

Malia A. Connery, Thompson & Knight, Dallas, for appellee.

HALL, Justice.

This is a worker's compensation case in which the employee appeals from a summary judgment that she take nothing from the compensation insurance carrier. The undisputed facts in the case are these:

1. Appellant Lawana Bryant worked as a part-time employee for the Collin Street Bakery in Corsicana, Texas, on October 15, 18, 19, and 21, 1982.

2. Appellee INA OF TEXAS carried the worker's compensation insurance for the bakery.

3. The last day appellant worked for the bakery, October 21st, she and her husband and others on her shift were laid off.

4. Appellant did not receive her final paycheck before leaving the employer's premises on October 21st.

5. Appellant fell and was injured inside the bakery while walking to the pay window when she returned on November 5th to pick up her paycheck.

A disputed fact is whether appellant's return for her pay was made under instructions from her employer.

Appellee based its motion for a summary judgment on the grounds that since appellant had been laid off by her employer she was no longer an employee and she was not in the course and scope of her employment when she reported to her employer's premises to pick up her final paycheck fifteen days after being laid off. We reverse the summary judgment because in our view the record did not establish as a matter of law that appellant was no longer an employee in the course and scope of her employment when she went to pick up her final paycheck at her employer's premises.

This case presents issues not previously addressed by Texas courts in the context of a worker's compensation case, namely, whether the employer-employee relationship ends upon job termination even though the employee has not been paid, and whether an injury incurred on the employer's premises after termination can be considered to arise out of the employment and be in the course and scope of the employment.

■ Appellee's motion for summary judgment was set for hearing on December 5, 1983. Appellant's response to the motion was filed November 30, 1983. This filing, less than seven days before the hearing, was not timely. Rule 166–A(c), Vernon's Tex.Rules Civ.Proc. Since the record does not show otherwise, we assume this late filing was without leave of court and that the trial court did not consider the response. *Lee v. McCormick,* 647 S.W.2d 735, 736 (Tex.App.—Beaumont 1983, no writ). However, the summary judgment expressly *recites* that it was based in part upon the court's consideration of appellant's deposition filed December 1, 1983.

Thus we reject appellee's contention that the deposition is not properly a part of the summary judgment evidence.

Appellee's motion for summary judgment was supported by an affidavit of Aleene Redford, the bakery bookkeeper for seventeen years. In addition to establishing some of the undisputed facts set forth above, the affidavit states that appellant as an employee who had been terminated had the option of having her check mailed to her, and that the bakery did not require appellant to pick up the check at the time she was laid off ". . . or any time thereafter. If Lawana Bryant had requested that her check be mailed to her, I would have done so, as it was the policy of the Collin Street Bakery to allow the employees who had been terminated to pick up the checks personally or have them mailed. To my knowledge, no employee or representative of the Collin Street Bakery ever instructed Lawana Bryant that she was required to pick up her final paycheck in person."

The deposition of appellant directly refutes the Redford affidavit. In it appellant testified under examination by appellee's attorney that she made the trip to the bakery on November 5th because her husband, who had also worked at the bakery with her, told her that he had been told by a foreman that the employees who had been laid off should return to the bakery in two weeks to pick up their checks. Her testimony was this: "Q. Nobody at the bakery ever told you that you had to come back and pick up your check, did they? A. They said we had to come back in two weeks. Q. But they told you you could get your check in two weeks; isn't that right? A. Uh-huh. Q. But they didn't tell you you had to come back to get it, did they? A. They said we had to come and get them, to get the checks. Q. Do you remember if someone told you specifically that they could send it to you? A. They didn't say that. Q. Do you remember—. A. Uh-huh, to come get them. Q. Do you remember who told you that? A. Huh-uh. Q. You didn't talk to—. A. I didn't talk to them. My husband did, so, I don't know.

Q. So nobody told you that you had to go back to the bakery to get your check, right? A. That's right. Just my husband. Q. So, if you understood that, it was only because of what someone told your husband. A. Uh-huh. He was the foreman or whatever he was, you know. He was the foreman—I guess that's what he was."

■ Although appellant's deposition testimony would have been subject to hearsay objections, none was made. Rule 802, Texas Rules of Evidence, effective September 1, 1983, provides that inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay. Since the deposition was considered by the court and no objection was filed to the hearsay contained in it, we consider as probative appellant's testimony that she relied on the instructions of a bakery foreman in returning to the bakery some fifteen days after she was discharged to pick up her final paycheck. Thus the summary judgment evidence conflicted as to whether appellant was instructed to return to the bakery to pick up her last paycheck. This conflict becomes material if the instruction to return has the effect of putting an employee in the course and scope of his employment when he returns upon that instruction to pick up his paycheck and he is injured while on the employer's premises while so engaged. We believe that the instruction does have such effect, and that appellant would have been in the course and scope of her employment at the time of her injury if she received the instruction and was acting under it.

■ An "employee" is defined in our Worker's Compensation Act as "... every person in the service of another under any contract of hire, expressed or implied, oral or written ..." Vernon's Tex.Civ.St., art. 8309, § 1. There is authority for the rule that when employment is terminated and wages remain unpaid, the employer's obligation under the contract of hire remains unfulfilled. *Parrott v. Industrial Commission of Ohio*, 145 Ohio St. 66, 60 N.E.2d 660, 663 (1945). Our worker's compensa-

tion laws must be liberally construed to effectuate the remedies they grant. *Ward v. Charter Oak Fire Insurance Co.*, 579 S.W.2d 909, 910 (Tex.1979). Under these rules we believe it is consistent with the intent and purpose of our Worker's Compensation Act to hold that a terminated employee instructed to return to the employer's premises in order to pick up his final paycheck remains an employee of that employer *for that purpose*, and that an injury suffered by him on the employer's premises acting under the instruction is received in the course and scope of his employment.

The facts of our case are similar to those in *Indemnity Co. v. Luce*, 491 S.W.2d 767, 768 (Tex.Civ.App.—Beaumont 1973, writ ref'd n.r.e.). There, the employee was on vacation and had to return in person to the employer's premises in order to collect her pay because this was required by her employer. After being paid by the manager, she walked behind a company cafeteria service line to greet fellow employees, and while so engaged she was injured. The court held that the employee was in the course and scope of her employment, even though on vacation, because she was following the employer's instructions in coming upon his premises to receive her pay. In our case appellee would distinguish *Luce* by the fact that the employment relationship was not terminated there, but we have already answered that in holding that the employment relationship continues for a limited purpose where the employee, though terminated, is instructed to return to pick up his pay.

Appellee cites *Ellison v. Trailite*, 580 S.W.2d 614 (Tex.Civ.App.—Houston [14th] 1979, no writ) as authority for its argument that once employment is terminated by resignation or by the employee's being fired, no injury thereafter incurred is received within the course of employment for the purpose of worker's compensation law. However, *Ellison* was not truly a worker's compensation case. That suit grew out of an alleged assault and battery by one

Langston upon Ellison following a disagreement between them on the premises of Trailite, Inc., after Ellison had resigned or was fired from her employment at Trailite. Ellison filed a personal injury action against Langston and against Trailite, Langston's employer, based on the doctrine of respondeat superior. To this common law cause of action Trailite raised as a defense the fact that it carried worker's compensation insurance and the assertion that Ellison was covered under the policy since she had been injured in the course and scope of her employment while she was waiting on her employer's premises for her severance check to be made out. In reversing the trial court's grant of summary judgment in favor of the employer, the Houston court held that, "Once appellant resigned or was fired, the relationship of employer-employee ceased to exist between appellee Trailite and appellant regardless of whether appellant physically remained on the premises." We note that the court in *Ellison* made no mention of the general rule set out in *Royal Indemnity Co. v. Madrigal*, 14 S.W.2d 106, 108 (Tex.Civ.App. —Beaumont 1929, no writ) that "... a workman who has ceased his work for the day and is on his way to the office of the employer to obtain his pay, or after obtaining such pay is leaving the premises of his employer and is injured on the premises of his employer, will be held entitled to compensation." We do not believe the *Ellison* decision controls the issues in the worker's compensation case before us.

■ To be entitled to summary judgment, the movant must establish that no material fact issue exists in the case and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). In the record of our case, whether appellant was instructed by her employer to return to the bakery to collect her final pay is a disputed material issue. Accordingly, the judgment is reversed and the case is remanded for trial.