SOLO CUP COMPANY and Bituminous
Casualty Company, Petitioners,

v.

Linda Z. PATE, Respondent.

No. 46861.

Supreme Court of Oklahoma.

Nov. 5, 1974.

Larry G. Cassil, Cassil, Jackson & Hall, Oklahoma City, for petitioners.

Liebel & Shumake, by Walter E. Liebel, Oklahoma City, for respondent.

LAVENDER, Justice:

Claimant Pate worked for Respondent Solo Cup Company. The company required claimant to work in uniform. It supplied two uniforms and a locker at the plant with key so claimant could comply.

On Wednesday, April 4, 1973, claimant voluntarily terminated her employment with the cup company. Upon the company's request and at that time she signed a termination statement. It read:

"I, L. Z. Pate, hereby voluntarily resign from the employment of Solo Cup Company. I further agree to the following: 1. That I will return all company property in good condition before I receive my last check. 2. That I forfeit all rights and benefits effective 4-4-73. (Exception-Maternity benefits as applied to current Group Policy in effect)

Company Property    s/ Linda Z. Pate
   2 Smocks          Employee
   1 Key

         s/ Louis L. Morgan
            Witness"

Claimant did not turn in company property at that time for one uniform was at home. She did not then receive her last pay check.

On Friday, April 6, 1973, the usual payday, claimant returned to the cup company to turn in the company property of two uniforms and a locker key. This was required for her to receive her last check per the voluntary termination statement. While in the office of the plant manager,

being on the premises of the cup company, she tripped and fell while in the process of putting the uniform and key on the manager's desk. She subsequently was mailed her last pay check.

Did the accidental personal injury to the claimant arise out of and in the course of her employment? We believe it did.

In Larson's Work on Compensation, Vol. I, 26.30 p. 5-203, Larson states:

"The contract of employment is not fully terminated until the employee is paid, and accordingly an employee is in the course of employment while collecting his pay."

The opinion in Pederson & Voechting v. Kromrey, 201 Wis. 599, 231 N.W. 267, 268; 69 A.L.R. 1116, 1117 contains this discussion.

" * * * it seems to be conceded that an employee is under the protection of the Compensation Act after his discharge, provided he be injured upon the premises of his employer while remaining there for reasons connected with his former employment. 1 Honnold on Workmen's Compensation, p. 373; Zygmuntowicz v. American Steel & Wire Co., 240 Mass. 421, 134 N.E. 385.

It is likewise held that, even after his discharge, the employee is under the protection of the act while presenting himself at the usual place for the purpose of receiving his pay. Thus in the English case of Riley v. William Holland & Sons, 1 K.B. 1029, 4 B.W.C.C. 155, an employee discharged on Wednesday was held entitled to compensation for injuries sustained on Friday, the regular pay day, at the place to which she was required to repair for the purpose of receiving her wages. This was on the theory that her contract of employment, either expressly or impliedly, required her to present herself at the appointed place on a specified day to receive her wages, and that in doing so she was but performing a service required of her by the conditions of her contract of employment. Perry v. Beverage, 121 Wash. 652, 209 P. 1102, 214 P. 146; and our own case of Hackley-Phelps-Bonnell Co. v. Industrial Commission, 165 Wis. 586, 162 N.W. 921, L.R.A.1918A, 277, are of similar import."

That decision did not allow the employee protection of a Workmen's Compensation Act for the employee was injured, after discharge, upon returning to his employer's premises to remove some of the employee's personal property.

This court did not sustain jurisdiction in the State Industrial Court so as to authorize an award in Parten v. State Industrial Court of State of Okl., Okl., 496 P.2d 114 (1972). There, after termination of employment, claimant returned to employer's shop to pick up his own tools used by him in that employment, when accidental injury occurred. The opinion said:

" * * *. He was removing them (tools) for his own benefit and on his own time. He was no longer an 'employee' of the respondent." (Explanation supplied)

In the case at bar, the employer for its own benefit, and as a condition for the employee to receive her last paycheck, required its uniforms and key to be returned. A mission to accomplish these required acts by the employee is an extension of the employment contract for jurisdictional purposes. The employee was within the protection of the Workmen's Compensation Act. The right to receive the earned wages was something more than a debtor creditor relationship.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J. and BERRY, BARNES and DOOLIN, JJ., concur.

IRWIN, HODGES, and SIMMS, JJ., dissent.