Michael K. CARNES, Appellant,

v.

TRANSPORT INSURANCE COMPANY, Appellee.

No. 7013.

Court of Civil Appeals of Texas, El Paso.

April 22, 1981.

Rehearing Denied May 27, 1981.

Burnett & Ahders Associated, Warren Burnett, William Ruff Ahders, Norma Venso, Odessa, for appellant.

Shafer, Gilliland, Davis, McCollum & Ashley, P. C., Connell Ashley, Jim Moseley, Odessa, for appellee.

## OPINION

OSBORN, Justice.

In this worker's compensation case, the trial Court entered judgment notwithstanding the verdict for the Insurance Company on the grounds that the claimant was not an employee at the time of the accident in question. We affirm.

In 1978, Mr. H. G. Courtney owned a 1976 Peterbilt truck which he had leased to J. H. Rose Trucking Company in Odessa for about two years. For the last three months of that period, the truck was driven by the Appellant, Michael Carnes. In the fall of 1978, Mr. Courtney decided to lease his truck to Thrasher Trucking Company in Monahans. In order to lease the truck to Thrasher, it was necessary to take the truck to that Company's yard in Monahans for an inspection to see if it would meet their standards and requirements. In order for Mr. Carnes to be employed by Thrasher and continue as the driver, it was required that he complete an employment application, pass a written test and a driving test, have a valid driver's license, and have a valid Department of Transportation physical examination card.

On September 26, 1978, Mr. Courtney and Mr. Carnes took the truck to Monahans and Thrasher's Director of Maintenance did a pre-lease inspection. At that time, the truck did not pass the inspection, and it was determined that the truck would have to have two sets of air hoses for use with Thrasher's trailers and a metal plate was required to be installed on the headache rack. While he was in Monahans, Mr. Carnes presented evidence of his driver's license and DOT physical examination card. He did not complete the employment application or take the required tests.

While in Monahans, Mr. Courtney made arrangements with J. W. Thrasher, Jr., to obtain a set of Thrasher Trucking Company license plates for the truck at the Highway Department Office in Odessa. That afternoon, Mr. Carnes drove the truck back to Odessa and Mr. Courtney removed the J. H. Rose Trucking Company signs and license plates. Mr. Courtney then took the truck to West Texas White, a truck shop in Odessa, and had the air hoses installed at his expense. He also got the license plates and they were put on the truck.

Mr. Carnes picked up the truck at West Texas White about noon the next day and drove it to Mr. Courtney's shop, where it was greased and serviced, and he installed the metal plate on the headache rack. That evening, Mr. Carnes left for Monahans with the anticipation that the following morning he would commence his first haul. On the trip to Monahans, the truck hit a slick spot on the highway, skidded, and rolled over, resulting in injuries to Mr. Carnes. He was hospitalized for a week, was home recuperating for some time, and finally, on Novem-

ber 8, 1978, he completed his employment application, took the written and driving test, and thereafter made his first haul for Thrasher. The truck was eventually repaired, passed the Company inspection, and a lease agreement signed on November 24, 1978.

 In his one point of error, Mr. Carnes asserts that there was some evidence that he was an employee of Thrasher Trucking Company at the time of his injury, and that the trial Court erred in entering judgment n. o. v. We consider only the evidence and inferences tending to support the jury finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). The principal contention is that all required work had been completed on the truck, that it was a foregone conclusion that it would pass inspection and the lease be signed, and that since the truck had Thrasher's license plates on it, Mr. Carnes was, in fact, operating one of their trucks when the accident occurred.

As noted in 1C LARSON, THE LAW OF WORKMEN'S COMPENSATION sec. 47.00 (1980), "The compensation concept of 'employee' is narrower than the common-law concept of 'servant' in one important respect: Most acts require that the service be performed under a contract of hire, expressed or implied." Thus, the author concludes in Section 47.41(c) that included in a category of workers who are not employees would be a gratuitous worker who, as a volunteer, assists another person with a view in part to furthering his own interest. Of course, it certainly was to the interest of Mr. Carnes that the truck be returned to Thrasher's yard in Monahans for a final pre-lease inspection in order that the lease agreement could be signed and the truck put to work in Thrasher's operation.

Article 8309, Tex.Rev.Civ.Stat.Ann. sec. 1, defines "employee" as meaning "every person in the service of another under any contract of hire, expressed or implied, oral or written * * *." Thus, one who drives another's truck, even in doing the company's regular delivery work, is not an employee where there has been no contract of hire. *Nobles v. Texas Indemnity Ins. Co.*, 24 S.W.2d 367 (Tex.Comm'n App.1930).

In *Associated Employers Lloyds v. Gibson*, 245 S.W.2d 738 (Tex.Civ.App.—Eastland 1951, writ dism'd), the claimant went to a cotton gin to seek employment and performed some work in hope that he might obtain a job. In denying recovery for an injury sustained, the Court said:

The evidence is sufficient to show that appellee performed services for the Lamesa Cotton Oil Company on the occasion but we are of the opinion that it is insufficient to show that such services were performed under a contract of hire either expressed or implied. It was incumbent upon appellee to establish that the services so performed were under a contract of hire either expressed or implied. It is our opinion that remuneration is a necessary element in a contract of hire under the Workmen's Compensation Act. *State v. Kenyon, Inc.*, Tex.Civ. App., 153 S.W.2d 195 (Writ Ref.); 67 C.J. 276. We have searched the record and are unable to find sufficient evidence to show that there was a contract of hire between the parties.

Both of these cases were cited with approval in *Texas Employers Insurance Association v. Burrell*, 564 S.W.2d 133 (Tex.Civ. App.—Beaumont 1978, writ. ref'd n. r. e.).

The Supreme Court of Oklahoma in *Fluor Engineers & Contractors, Inc. v. Kessler*, 561 P.2d 72 (1977), reviewed a case in which a workman sustained injuries in a highway accident that occurred when he traveled from his home in Norman to Woodard, Oklahoma, to report for his first day on the job as an employee of Fluor. The Court held that at the time of the accident there was no employee-employer relationship, and noted that ordinarily a person's employment does not begin until he reaches his place of employment.

Mr. Carnes testified that when he started to Monahans on the evening of September 27, he thought he was working for Thrasher and thought he would be paid by them. But, there is no evidence of any agreement for Thrasher to make any payment, either to the driver or the owner of the truck, for the trip to Monahans on September 27, 1978. The Appellant's point of error is overruled.

The judgment of the trial Court is affirmed.