INA OF TEXAS, Petitioner,

v.

Lawana BRYANT, Respondent.

No. C–3430.

Supreme Court of Texas.

March 20, 1985.

Malia A. Connery, Dallas, for petitioner.

J. Thomas Sullivan, Paul W. Pearson, Dallas, for respondent.

GONZALEZ, Justice.

The sole issue in this summary judgment case is whether a fact issue was raised in the trial court as to the status of an employee at the time of the accident. The trial court granted summary judgment against the employee. The court of appeals reversed and remanded the cause to the trial court for trial on merits. 673 S.W.2d 693. We affirm the judgment of the court of appeals.

Lawana Bryant was a part time worker at a bakery. Her husband also worked there. She was laid off after having worked only four days. She did not pick up her pay on her last day, but returned to the bakery sixteen days later to get it. While at the bakery she fell and was injured. Bryant sued INA of Texas, the worker's compensation carrier for the bakery, claiming an entitlement to benefits as a result of her injury. She contends that an issue of fact exists as to whether the employment relationship continued through the time that she suffered her injuries. This issue of fact is allegedly raised by (1)

her response to INA's motion for summary judgment, and (2) her deposition on file at the time the judgment was rendered.

Bryant's response to INA's motion for summary judgment was not timely filed, and nothing appears of record to indicate that the late filing was with leave of court. Therefore, we must presume that the trial court did not consider it in rendering a take nothing judgment in favor of INA. Tex.R. Civ.P. 166–A.

■ It is the movant's burden in a summary judgment proceeding to establish his right to judgment as a matter of law. He is not, however, required to "negate all possible issues of law and fact that *could* be raised by the non-movant but were not." *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). INA's affidavit of the bakery bookkeeper shows that it was the policy of the bakery to mail checks to terminated employees, *or* to allow them to pick them up, as they chose. The bookkeeper further stated that, to her knowledge, no one had advised Bryant to return to the plant to get her check. The affidavit does not state that Bryant was told of her option to receive the check by mail.

■ The court of appeals based its opinion on certain hearsay statements contained in Bryant's deposition. We need not address the issues raised in that opinion, however, as a fact question is also raised by other evidence found in Bryant's deposition. Bryant states that her husband had worked in the past at the bakery and that he had *always* returned to the plant to pick up his pay. This fact coupled with the failure of INA to establish that Bryant was informed of her choice as to the method of payment, raises a material issue of fact as to whether the practice of the bakery required Bryant to return in order to receive her final paycheck.

To prove an injury compensable, a claimant must show (1) that she was an employee, (2) that the injury occurred in the furtherance of the affairs or business of the employer and (3) that the injury was of the kind and character that originated in, or had to do with, the employer's business. Tex.Rev.Civ.Stat.Ann. art. 8309 § 1; *Deatherage v. International Insurance Co.,* 615 S.W.2d 181 (Tex.1981); *Biggs v. United States Fire Insurance Co.,* 611 S.W.2d 624 (Tex.1981).

■ This injury is of a type which originated in the business of the employer. Clearly, being paid for work done is within the employment relationship and contract. The question of coverage, therefore, turns on the character of Bryant's return to the plant. If plant practice required Bryant to return to pick up her pay, then her injury would have occurred in the course and scope of employment. *See Johnson v. Toro Co.,* 331 N.W.2d 243 (Minn.1983); *Solo Cup Co. v. Pate,* 528 P.2d 300 (Okla. 1974); 1A A. Larson, The Law of Workmen's Compensation § 26.00 *et seq.* (Supp. 1982). We hold that when an employee is directed or reasonably believes from the circumstances she is required by the employer to return to the place of her employment to pick up her pay after termination and an otherwise compensable injury occurs, then such an injury is reasonably incident to her employment and is incurred in the furtherance of the employer's affairs. Accordingly, we affirm the judgment of the court of appeals and remand the case to the trial court for trial.

SPEARS, J., files a dissenting opinion in which CAMPBELL, J., joins.

SPEARS, Justice, dissenting.

I respectfully dissent. The majority goes too far in holding that a terminated employee who reasonably believes that she is required to return to pick up her paycheck is covered by worker's compensation. The better rule, and the rule consistent with the holdings of the cases relied upon by the majority, is that in order for a terminated employee to be covered, that employee must have been instructed to return to the employer's premises in order to receive her pay. The former employee must have been required to pick up the check, and should not be covered by work-

er's compensation if she decides to go pick up her pay based on hearsay or rumor. If the employee does not request that her check be mailed to her, then it is for her convenience that she decides to return to get it.

My position is consistent with the denial of worker's compensation for pre-employment injuries. *Carnes v. Transport Ins. Co.*, 615 S.W.2d 909 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.). The denial of worker's compensation coverage during the pre-employment association which leads to employment is analogous to the denial of coverage during the post-employment association.

Moreover, the only cases cited by the majority support a requirement that the employee be instructed to return to the employers premises. In *Johnson v. Toro Co.*, 331 N.W.2d 243 (Minn.1983), it was customary for employees to receive a turkey as the Christmas bonus. While on a medical leave of absence, Ms. Johnson received a letter inviting her to come to the plant on December 21 in order to receive her turkey. She went to the plant to pick up her turkey and while in the parking lot slipped and was injured. The Minnesota Supreme Court held that she was covered by worker's compensation. There are two important facts that distinguish *Johnson* from the instant case. First, Ms. Johnson was still an employee at the time of injury. Second, she was instructed in writing that if she wanted her turkey, she had to come and get it. *Johnson* does not support the majority opinion.

In *Solo Cup Co. v. Pate*, 528 P.2d 300 (Okla.1974), the company required employees to work in uniform and furnished them with two uniforms and a locker with key so the employees could comply. Ms. Pate quit, and at the company's request signed a termination statement. In it she agreed that she would "return all company property in good condition before I receive my last check." 528 P.2d at 300. The company property was listed as two smocks and one key. On the day she quit, one of the uniforms was at home, so she did not re-

ceive her last paycheck. On the usual payday she returned to the company to turn in the uniform which the Oklahoma Supreme Court held "was required for her to receive her last check." 528 P.2d at 300. While in the manager's office she tripped and was injured. The court held that she was covered by worker's compensation. *Pate* is distinguishable because Ms. Pate was instructed in writing that she had to bring in her uniforms and key in order to receive her pay. Likewise, in *Cyrus v. Vierson & Cochran, Inc.*, 631 P.2d 1349 (Okla.App. 1981), the court held that a former employee who was told by a company spokeswoman that he would have to pick up his final check at the job site was covered by worker's compensation.

The majority states that "being paid for work done is within the employment relationship and contract." This statement is overly broad, and is apt to be construed with unintended and incongruous results. At some point when a former employee has not received her pay, the employee-employer relationship is transformed into a debtor-creditor relationship. 1A A. Larson, The Law of Workmen's Compensation § 26.30 (1982). Otherwise, a terminated employee who is not required to return, but fails to leave a forwarding address so the check can be mailed, could return for her paycheck six months later, fall, and be covered by worker's compensation.

I would hold that Bryant's deposition testimony that her husband had worked in the bakery and had always returned to pick up his pay does not raise a question of fact that she was directed to return to the bakery in order to receive her final check. Indulging every inference in favor of the nonmovant, I find no competent summary judgment evidence that she was instructed that she had to return in order to obtain her pay. Accordingly, I would reverse the judgment of the court of appeals and affirm the judgment of the trial court.

CAMPBELL, J., joins in this dissenting opinion.