V99602.aa1; In re Estate of Sawyer



NUMBER 13-99-602-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________

VIRGINIA ANNE SHAW, Appellant,


v.


NORWEST BANK TEXAS, N.A., Appellee.

____________________________________________________________________
On appeal from the County Court at Law No. 1

of Victoria County, Texas.

____________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez, and Chavez (1)

Opinion by Justice Hinojosa

This is an appeal of a summary judgment in a probate case. By three issues, appellant, Virginia Anne Shaw, contends the
trial court erred (1) in sustaining the objections of appellee, Norwest Bank Texas, N.A., to her summary judgment evidence
and (2) in granting the Bank's motion for summary judgment because the statute of frauds does not prevent enforcement of
an oral family settlement agreement and her summary judgment evidence raised a genuine issue of material fact that a
family settlement agreement was made. We affirm.

A. Procedural Background 


Virginia Anne Sawyer ("Sawyer") died on February 5, 1996 in a San Antonio hospital. She was survived by three
daughters: appellant, Jeanette Roetzel ("Roetzel") and Dorothy Mikulenka ("Mikulenka"). A will signed by Sawyer on
January 25, 1985, was admitted to probate by the trial court on February 25, 1996. The will named Roetzel as independent
executor and designated all three daughters as equal beneficiaries.

On March 21, 1996, Roetzel resigned as executor of the estate. On March 25, the trial court appointed Victoria Bank &
Trust Company (appellee's predecessor) as the executor of Sawyer's estate. On April 18, 1996, the Bank applied to admit a
newly-discovered codicil to probate. The codicil is a one-page handwritten document which states as follows:

Codicil


Effective this date the foregoing instrument is changed as follows:



All of my real and personal belongings are to be divided equally between Dorothy Sawyer Mikulenka, and Jeanette Sawyer
Roetzel. No attorney is required except for probating the will. No bond or accounting is required from the Executor. 



[signed] Virginia Anne Chapman Sawyer



Witness:

[signed] Sybil Daniel

[signed] Pauline Karl 



The trial court admitted the codicil to probate on May 1, 1996. The Bank filed an inventory showing that the estate had
assets of $545,733, approximately eighty percent of which was real property.

On February 12, 1998, appellant filed suit, pro se, contesting the codicil. She alleged that Sawyer had orally revoked the
codicil. On July 23, 1998, appellant, now represented by counsel, filed two additional pleadings. The first, entitled
"Application for Probate of Nuncupative Will and Issuance of Letters Testamentary," alleged that Sawyer had revoked the
codicil and published a nuncupative will (2) in its place. The second, entitled "First Amended Petition," alleged that
appellant and her two sisters had entered a family settlement agreement to divide their mother's estate equally and not to
probate the codicil. The amended petition also sought a declaratory judgment to construe the term "belongings" in the
codicil, arguing the term meant only personal property, not real property. The petition also asserted claims against Roetzel
and Mikulenka for fraud, conversion, breach of contract, and tortious interference with appellant's inheritance rights. On
November 25, 1998, the trial court permitted appellant's counsel to withdraw. Appellant then represented herself before the
trial court.

On March 30, 1999, the Bank filed a combination "traditional" and "no-evidence" motion for summary judgment, claiming
that: (1) Sawyer had not effectively revoked the codicil; (2) there was no such family agreement, and that such an
agreement, if it existed, would be unenforceable under the statute of frauds because the bulk of the estate consisted of real
property, (3) that defects in the codicil, if any, did not render it invalid, (4) the fraud claims against Roetzel and Mikulenka
must fail as a matter of law due to the statute of frauds, and (5) there was no ambiguity in the term "belongings." In support
of the motion, the Bank attached the affidavits of Roetzel and Mikulenka, denying that they were present in their mother's
hospital room when the nuncupative will was allegedly made and denying that they entered into any family settlement
agreement with appellant. The trial court set the motion for hearing on April 28, 1999.

On April 21, 1999, appellant sent a document to the clerk of the court entitled "Verified Motion for Continuance in
Summary Judgment Hearing;" it was received on April 22. The motion was signed by appellant, but it was not verified as
required by rules 251 and 252 of the rules of civil procedure. In the motion, appellant complained of illness, the departure
of her prior counsel for nonpayment of fees, and a computer problem which prevented her from filing her response in a
timely fashion. Appellant requested more time to prepare and present her summary judgment evidence. On April 21, 1999,
appellant also filed a pleading entitled "Alternative Response to Motion for Summary Judgment" in which she requested a
six weeks' continuance and permission to file evidence late. Appellant claimed that Sawyer had made a nuncupative will,
and that her sisters had agreed to split the estate three ways, regardless of any codicil. The Alternative Response purports
to attach various exhibits, including various video and audio tapes appellant claims record her sisters making statements
which support appellant's claims that they entered into a family settlement agreement. (3) On April 26, appellant filed her
own affidavit and an affidavit of Jerry R. Self, her boyfriend. Both affidavits state that appellant, Roetzel, and Mikulenka
entered into a family settlement agreement to divide the estate three ways and Sawyer made a valid nuncupative will just
before her death.

The Bank filed a response and moved to strike appellant's summary judgment evidence because the affidavits were filed
late without leave of court, and because the videotapes and audiotapes purportedly attached to the response were never
served on the Bank. Unsigned and unsworn copies of the affidavits of appellant and Self were faxed to the Bank's counsel
late on April 26, 1999, but they were never served on the Bank. The Bank objected to the affidavits because they were "full
of conclusory statements and assert new allegations that are not factually supported." The Bank also objected to the video
and audio tapes because they had not been produced in response to discovery requests previously served on appellant, and
because the tapes were not properly authenticated. The Bank also objected to other written exhibits on the grounds of
relevancy, hearsay and lack of authentication. 

On April 28, 1999, the trial court orally denied appellant's motion for continuance, (4) and went forward with the scheduled
hearing on the Bank's motion for summary judgment. During the hearing, the trial court gave the parties until May 5, 1999,
to brief legal issues. Appellant did not file a brief, nor did she attempt to cure any of the problems with her summary
judgment evidence. On June 9, 1999, the trial court granted the Bank's motion for summary judgment, ordered that
appellant take nothing against the Bank and the estate, denied appellant's motion for continuance, and sustained the Bank's
objections to appellant's summary judgment evidence. The trial court severed appellant's remaining causes of action
against her sisters, and this appeal ensued.

B. Standard of Review: Motions for Summary Judgment

When we review a traditional motion for summary judgment brought under rule 166a of the rules of civil procedure, we
must follow these well-established rules:

(1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as
a matter of law;

 (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and

 (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the
nonmovant.



American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985); see also Tex. R. Civ. P. 166a. A defendant's motion for summary judgment should be
granted if he disproves at least one essential element of each of the plaintiff's causes of action, or if he establishes all the
elements of an affirmative defense as a matter of law. Grinnell, 951 S.W.2d at 425; Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997). 

When a motion is presented under rule 166a(i) of the rules of civil procedure, asserting there is no evidence of one or more
essential elements of the nonmovant's claims upon which the nonmovant would have the burden of proof at trial, the
movant does not bear the burden of establishing each element of its own claim or defense. Tex. R. Civ. P.
166a(i);General Mills Rests., Inc. v. Tex. Wings, Inc., 12 S.W.3d 827, 832 (Tex. App.-Dallas 2000, no pet.); Lampasas v.
Spring Ctr., Inc., 988 S.W.2d 428, 432-33 (Tex. App.-Houston [14th Dist.] 1999, no pet.). Rather, the burden shifts to the
nonmovant to present enough evidence to be entitled to a trial: evidence that raises a genuine fact issue on the challenged
elements. Tex. R. Civ. P. 166a cmt. If the nonmovant is unable to provide enough evidence, the trial judge must grant the
motion. Lampasas, 988 S.W.2d at 433.

For both kinds of summary judgment, we review the evidence in the light most favorable to the respondent against whom
the summary judgment was rendered, disregarding all contrary evidence and inferences. Merrell Dow Pharm., Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997); Zapata v. Children's Clinic, 997 S.W.2d 745, 747 (Tex. App.-Corpus Christi
1999, pet. denied); Connell v. Connell, 889 S.W.2d 534, 537 (Tex. App.-San Antonio 1994, writ denied). Evidence
favoring the movant's position will not be considered unless it is uncontradicted. Great Am. Reserve Ins. Co. v. San
Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). 

If a summary judgment is granted generally, without specifying the reason, it will be upheld if any ground in the motion for
summary judgment can be sustained. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Weakly v. East, 900 S.W.2d
755, 758 (Tex. App.-Corpus Christi 1995, writ denied); Benavides v. Moore, 848 S.W.2d 190, 192 (Tex. App.-Corpus
Christi 1992, writ denied).

C. The Bank's Objections to Appellant's Summary Judgment Evidence

In her third issue, appellant contends the trial court erred in sustaining the Bank's objections to her summary judgment
evidence. In her briefing of this issue, appellant complains only of the trial court's refusal to accept her late-filed affidavit
(Exhibit No. 15) and the late-filed affidavit of Jerry Self (Exhibit No. 16). Therefore, our review will be limited to the trial
court's exclusion of these affidavits. (5)

Rule 166a provides that: 

[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve
opposing affidavits or other written response. No oral testimony shall be received at the hearing. The judgment sought
shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced
or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and
authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before the judgment
with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material
fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an
answer or any other response. . . . A summary judgment may be based on uncontroverted testimonial evidence of an
interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and
inconsistencies, and could have been readily controverted.Tex. R. Civ. P. 166a(c). When affidavits are not timely filed, it
is entirely within the trial court's discretion to allow the late filing of opposing proof. Sullivan v. Bickel & Brewer, 943
S.W.2d 477, 486 (Tex. App.-Dallas 1995, writ denied);Bell v. Moores, 832 S.W.2d 749, 755 (Tex. App.-Houston [14th
Dist.] 1992, writ denied). 

Rule 166a further provides that:

[s]hould it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit
facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to
permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Tex. R. Civ. P. 166a(g). The grant or denial of a motion for continuance is within the trial court's discretion, and a denial
of such a motion will be reversed only upon a showing that the trial court has committed a clear abuse of discretion.
General Motors Corp. v. Gayle, 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding); Villegas v. Carter, 711 S.W.2d 624,
626 (Tex. 1986); Clemons v. State Farm Fire & Cas. Co., 879 S.W.2d 385, 393 (Tex. App.-Houston [14th Dist.] 1994, no
writ). Generally, when a movant fails to include an affidavit in support of his motion, the appellate court presumes the trial
court did not abuse its discretion in denying the continuance. Villegas, 711 S.W.2d at 626; Southwest Country Ent., Inc v.
Lucky Lady Oil Co., 991 S.W.2d 490, 493 (Tex. App.-Fort Worth, pet. denied). It is undisputed that appellant did not
comply with the verification requirements of Rule 251. Therefore, we presume the trial court did not abuse its discretion in
denying appellant's motion for continuance. See Tex. R. Civ. P. 251; Southwest Country, 991 S.W.2d at 493. 

Generally, the non-movant must file her response and affidavits at least seven days before the hearing. Neimes v. Ta, 985
S.W.2d 132, 138 (Tex. App.-San Antonio 1998, no pet.). If the non-movant attempts to file a late response to the summary
judgment, it must get permission from the court in writing, or the response will not be before the court. INA of Tex. v.
Bryant, 686 S.W.2d 614, 615 (Tex. 1985); Lazaro v. University of Tex. Health Science Ctr., 830 S.W.2d 330, 331-32 (Tex.
App.-Houston [1st Dist.] 1992, writ denied). If a non-movant files a late response, and the record does not contain some
indication that the trial court granted leave to file it, the non-movant waives the issues raised in the late response. Goswami
v. Metropolitan Sav. & Loan Ass'n, 751 S.W.2d 487, 490 n.1 (Tex. 1988); Waddy v. City of Houston, 834 S.W.2d 97, 101
(Tex. App.-Houston [1st Dist.] 1992, writ denied). If either party files late summary judgment evidence and no order
appears in the record granting leave to file, the evidence will not be considered as being before the court. Benchmark Bank
v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996) (affidavit filed two days before the hearing was too late); see also Luna v.
Estate of Rodriguez, 906 S.W.2d 576, 582 (Tex. App.-Austin 1995, no writ) (deposition filed by movant at hearing was too
late); Tex. Airfinance Corp. v. Lesikar, 777 S.W.2d 559, 561 (Tex. App.-Houston [14th Dist.] 1989, no writ) (affidavit filed
by movant twelve days before the hearing was too late).

 It is undisputed that the appellant filed the two affidavits on April 26, 1999, just two days before the hearing on the
motion for summary judgment. There is no indication in the record that the trial judge ever granted leave to file the late
response or late summary judgment evidence. In fact, the trial court specifically sustained the Bank's objections to
appellant's response, which included an objection to the late filing. The trial court is within its discretion to disallow a
late-filed response to summary judgment and its accompanying evidence. See Tex. R. Civ. P. 166a; Benchmark Bank, 919
S.W.2d at 663; INA of Tex., 686 S.W.2d at 615.

Appellant contends she should have been given an opportunity to cure the "defect" in her summary judgment evidence. In
support of this contention, she cites Texas Rule of Civil Procedure 166a(g) which provides:

Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection
by on opposing party with opportunity, but refusal, to amend.

Tex. R. Civ. P. 166a(g). Appellant also cites case law in which parties were allowed to cure technical defects in summary
judgment evidence. See Garcia v. Willman, 4 S.W.3d 307, 310-11 (Tex. App.-Corpus Christi 1999, no pet.) (proponent
should have been allowed to amend where medical expert's affidavit was struck as improper because it had been
previouslyoffered for purposes of complying with article 4590i, § 13.01 of the revised civil statues); Wyatt v. McGregor,
855 S.W.2d 5, 18 (Tex. App.-Corpus Christi 1993, writ denied) (proponent should have been allowed to amend summary
judgment affidavits that were defective because they stated the affiants' competency as conclusion rather than stating that
they were over eighteen and had never been convicted of crime, and did not contain statement that they were made on
personal knowledge). However, we do not find these cases on point because they all deal with defects in timely-filed
affidavits, not late-filed summary judgment evidence. As we noted above, the trial court is within its discretion to disallow
a late-filed response to summary judgment and its accompanying evidence. See Tex. R. Civ. P. 166a; Benchmark Bank,
919 S.W.2d at 663; INA of Tex., 686 S.W.2d at 615.

We hold the trial court did not err in sustaining the Bank's objection to appellant's summary judgment evidence, or in
denying appellant's motion for continuance. Appellant's third issue is overruled.

D. Appellant's Remaining Issues

In her first issue, appellant contends the trial court erred in granting the Bank's motion for summary judgment because the
statute of frauds does not prevent enforcement of an oral family settlement agreement. In her second issue, appellant
contends the trial court erred in granting the Bank's motion for summary judgment because her summary judgment
evidence raised a genuine issue of material fact that a family settlement agreement was made.

We have held that the trial court did not err in sustaining the Bank's objections to appellant's summary judgment evidence.
Therefore, the Bank's summary judgment evidence was uncontroverted.

The Bank's summary judgment evidence established that (1) Roetzel and Mikulenka were not present when Sawyer
allegedly made the nuncupative will, and (2) Roetzel and Mikulenka did not enter into a family settlement agreement with
appellant. We overrule appellant's first and second issues.

We affirm the trial court's order granting the Bank's motion for summary judgment.



FEDERICO G. HINOJOSA

Justice




Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this

21st day of June, 2001.

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. A nuncupative will is an oral will made during the testator's last illness, which must be proved by three credible
witnesses. Section 65 of the probate code provides:



No nuncupative will shall be established unless it be made in the time of the last sickness of the deceased, at his home or
where he has resided for ten days or more next preceding the date of such will, except when the deceased is taken sick away
from the home and dies before he returns to such home; nor when the value exceeds Thirty Dollars, unless it be proved by
three credible witnesses that the testator called on a person to take notice or bear testimony that such is his will, or words to
that effect.



Tex. Prob. Code Ann. §65 (Vernon 1980); see Kay v. Sandler, 718 S.W.2d 872, 874 (Tex. App.-Houston [14th Dist.] 1986,
writ ref'd n.r.e.).

3. There is some confusion concerning whether these exhibits were attached to the "Alternative Response" which was filed
on April 22, 1999. While the paper exhibits (affidavits and letters) appear to have been filed on April 22, the record
contains no information as to when, if ever, the video and audio tapes were filed with the court. In fact, these tapes are not
in the record before this Court.

4. It is undisputed that the motion for continuance was orally denied. However, the record before us contains no reporter's
record of this hearing.

5. Even if the sustaining of the Bank's objection to the remaining evidence had been presented for our review, we note it is
undisputed that appellant never produced the video and audio tapes in response to the Bank's request for production of any
and all such tapes "connected with or related, in any way, to the contest," to which appellant replied that "[a]ny such
non-privileged responsive documents will be produced." It is also undisputed that appellant never attempted to supplement
her discovery response and never made any showing of good cause for having failed to do so or that introduction of the
material would not result in unfair surprise or prejudice to the Bank. See Tex. R. Civ. P. 193.6 (party may not introduce
evidence it has failed to produce in response to a relevant discovery request unless trial court finds good cause for the
failure, or that its admission will not result in unfair surprise or prejudice to th other party).



We further note that none of the remaining evidence was properly identified or authenticated. See Tex. R. Evid. 901(a)
(proper authentication or identification of evidence is a prerequisite to its admissibility).