Opinion filed December 10, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed December
10,  2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00106-CV 

                                                     __________

 

                                    ROBERT
WILLIAMS, Appellant

 

                                                             V.

 

                             GYRODATA
INCORPORATED, Appellee

 

 



 

                                        On
Appeal from the County Court at Law

                                                        Midland
County, Texas

                                                Trial
Court Cause No. CC-13451

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This
is an appeal from a summary judgment.  Appellee, Gyrodata Incorporated, is an
oil field service company.  Gyrodata employed appellant, Robert Williams, as a
district manager.  Appellant resigned his position on December 12, 2005.  He
subsequently sued Gyrodata on June 14, 2006, for breach of contact.  Appellant
alleged that Gyrodata breached an oral agreement to pay him a bonus for field
work.








Gyrodata
filed traditional and no-evidence motions for summary judgment on February 26,
2008.  It asserted in its no-evidence motion for summary judgment that there
was no evidence of an oral agreement for Gyrodata to pay appellant a field
bonus.  Gyrodata asserted in its traditional motion for summary judgment that
its summary judgment evidence conclusively negated appellant=s claim of an oral agreement
to pay him a field bonus.  The trial court granted both motions for summary
judgment after considering them at a hearing conducted on March 17, 2008. 
Appellant challenges the summary judgment in a single issue.  We modify and
affirm.

                                                              Standard
of Review

We
review the trial court=s
summary judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005); Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003).  A trial court must grant a no‑evidence
motion for summary judgment unless the nonmovant produces more than a scintilla
of probative evidence to raise a genuine issue of material fact. Tex. R. Civ. P. 166a(i); Wal‑Mart
Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002). We review a no‑evidence
summary judgment for evidence that would enable reasonable and fair‑minded
jurors to differ in their conclusions. Hamilton v. Wilson, 249 S.W.3d
425, 426 (Tex. 2008) (citing City of Keller v. Wilson, 168 S.W.3d 802,
822 (Tex. 2005)).  A trial court must grant a traditional motion for summary
judgment if the moving party establishes that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991).  Once the movant
establishes a right to summary judgment, the nonmovant must come forward with
evidence or law that precludes summary judgment. City of Houston v. Clear
Creek Basin Authority, 589 S.W.2d 671, 678‑79 (Tex. 1979).  When
reviewing a traditional summary judgment, the appellate court considers all the
evidence and takes as true evidence favorable to the nonmovant. Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548‑49 (Tex. 1985).  The appellate
court Amust consider
whether reasonable and fair‑minded jurors could differ in their
conclusions in light of all of the evidence presented@ and may not ignore Aundisputed evidence in the record that cannot
be disregarded.@ Goodyear
Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755, 757 (Tex. 2007).

                                                                        Analysis








Appellant
contends in his sole issue that the summary judgment evidence raised a fact
issue  regarding the existence of an agreement for Gyrodata to pay him a bonus
for field work. When a party moves for both a traditional and a no-evidence
summary judgment, we first review the trial court=s
summary judgment under the no-evidence standard of Rule 166a(i). Ford Motor
Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  If the no-evidence
summary judgment was properly granted, we do not reach arguments under the
traditional motion for summary judgment.  See id.

In
reviewing the no-evidence summary judgment granted by the trial court, we focus
our analysis on the summary judgment evidence filed by appellant in response to
the motion.  Appellant filed an affidavit on March 12, 2008, in support of his
claim.  Prior to addressing the contents of appellant=s affidavit, we must consider Gyrodata=s assertion that appellant
did not timely file his affidavit.  Gyrodata contends in its brief that
appellant=s affidavit
does not constitute proper summary judgment evidence because it was not timely
filed.

A
response to a motion for summary judgment, including opposing summary judgment
evidence, must be filed no later than the seventh day before the date of the
summary judgment hearing, except on leave of court.  Rule 166a(c).  Our review
of the record confirms Gyrodata=s
assertion that the affidavit was filed less than seven days prior to the March
17, 2008 hearing because it was not executed until March 11, 2008, and was not
filed until March 12, 2008.

It
is significant to note that appellant has not filed a reply brief in response
to Gyrodata=s
timeliness contention.  In this regard, appellant has not asserted that he did
not have adequate notice of the summary judgment hearing.[1]
 Furthermore, the record does not reflect that appellant obtained leave of the
trial court to file a late response to Gyrodata=s
motion for no-evidence summary judgment.  ASummary
judgment evidence may be filed late, but only with leave of court.@ Benchmark Bank v.
Crowder, 919 S.W.2d 657, 663 (Tex. 1996).  Where nothing appears in the
record to indicate that the trial court granted leave to file a summary
judgment response late, we presume that the trial court did not consider the
response.  Id.; INA of Tex. v. Bryant, 686 S.W.2d 614, 615 (Tex.
1985).  Therefore, appellant=s
affidavit is not summary judgment evidence.  See Crowder, 919 S.W.2d at
663; Bryant, 686 S.W.2d at 615.








Absent
a timely response, a trial court must grant a no-evidence motion for summary
judgment that complies with the requirements of Rule 166a(i).  Landers v.
State Farm Lloyds, 257 S.W.3d 740, 746 (Tex. App.CHouston [1st Dist.] 2008, no pet.). 
Accordingly, the trial court did not err in granting the no-evidence motion for
summary judgment.  We do not consider the traditional motion for summary
judgment because the no-evidence motion for summary judgment is dispositive of
the entire case.  Appellant=s
sole issue is overruled.

Additionally,
Gyrodata presents a cross-point seeking a reformation of the trial court=s summary judgment.  Citing
Rhodes v. McCarron, 763 S.W.2d 518, 521 (Tex. App.CAmarillo 1988, writ
denied), Gyrodata asserts that the judgment should be modified to reflect a
take-nothing judgment.  We agree.  When a Aplea
in bar@ is sustained,
the trial court should render a take‑nothing judgment.  Tex. Highway
Dep=t v.
Jarrell, 418 S.W.2d 486, 488 (Tex. 1967).  Gyrodata=s cross-point is sustained.

                                                               This
Court=s Ruling

The
judgment of the trial court is modified to reflect a take-nothing judgment in
favor of Gyrodata Incorporated.  As modified, the judgment of the trial court
is affirmed.

 

 

TERRY McCALL

JUSTICE

 

December 10,
2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]A party that receives untimely notice of a summary
judgment hearing must raise the complaint at the hearing in order to avoid
waiving the complaint.  See Rios v. Tex. Bank, 948 S.W.2d 30, 32‑33
(Tex. App.CHouston [14th Dist.] 1997, no pet.).