**Opinion filed December 10, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00106-CV

_____

## ROBERT WILLIAMS, Appellant

## V.

## GYRODATA INCORPORATED, Appellee

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. CC-13451**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment. Appellee, Gyrodata Incorporated, is an oil field service company. Gyrodata employed appellant, Robert Williams, as a district manager. Appellant resigned his position on December 12, 2005. He subsequently sued Gyrodata on June 14, 2006, for breach of contact. Appellant alleged that Gyrodata breached an oral agreement to pay him a bonus for field work.

Gyrodata filed traditional and no-evidence motions for summary judgment on February 26, 2008. It asserted in its no-evidence motion for summary judgment that there was no evidence of an

oral agreement for Gyrodata to pay appellant a field bonus. Gyrodata asserted in its traditional motion for summary judgment that its summary judgment evidence conclusively negated appellant's claim of an oral agreement to pay him a field bonus. The trial court granted both motions for summary judgment after considering them at a hearing conducted on March 17, 2008. Appellant challenges the summary judgment in a single issue. We modify and affirm.

*Standard of Review*

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact. TEX. R. CIV. P. 166a(i); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Once the movant establishes a right to summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678-79 (Tex. 1979). When reviewing a traditional summary judgment, the appellate court considers all the evidence and takes as true evidence favorable to the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). The appellate court "must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented" and may not ignore "undisputed evidence in the record that cannot be disregarded." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755, 757 (Tex. 2007).

*Analysis*

Appellant contends in his sole issue that the summary judgment evidence raised a fact issue regarding the existence of an agreement for Gyrodata to pay him a bonus for field work. When a party moves for both a traditional and a no-evidence summary judgment, we first review the trial

2

court's summary judgment under the no-evidence standard of Rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no-evidence summary judgment was properly granted, we do not reach arguments under the traditional motion for summary judgment. *See id.*

In reviewing the no-evidence summary judgment granted by the trial court, we focus our analysis on the summary judgment evidence filed by appellant in response to the motion. Appellant filed an affidavit on March 12, 2008, in support of his claim. Prior to addressing the contents of appellant's affidavit, we must consider Gyrodata's assertion that appellant did not timely file his affidavit. Gyrodata contends in its brief that appellant's affidavit does not constitute proper summary judgment evidence because it was not timely filed.

A response to a motion for summary judgment, including opposing summary judgment evidence, must be filed no later than the seventh day before the date of the summary judgment hearing, except on leave of court. Rule 166a(c). Our review of the record confirms Gyrodata's assertion that the affidavit was filed less than seven days prior to the March 17, 2008 hearing because it was not executed until March 11, 2008, and was not filed until March 12, 2008.

It is significant to note that appellant has not filed a reply brief in response to Gyrodata's timeliness contention. In this regard, appellant has not asserted that he did not have adequate notice of the summary judgment hearing.[1] Furthermore, the record does not reflect that appellant obtained leave of the trial court to file a late response to Gyrodata's motion for no-evidence summary judgment. "Summary judgment evidence may be filed late, but only with leave of court." *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996). Where nothing appears in the record to indicate that the trial court granted leave to file a summary judgment response late, we presume that the trial court did not consider the response. *Id.*; *INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985). Therefore, appellant's affidavit is not summary judgment evidence. *See Crowder*, 919 S.W.2d at 663; *Bryant*, 686 S.W.2d at 615.

Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that complies with the requirements of Rule 166a(i). *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Accordingly, the trial court did

---

[1] A party that receives untimely notice of a summary judgment hearing must raise the complaint at the hearing in order to avoid waiving the complaint. *See Rios v. Tex. Bank*, 948 S.W.2d 30, 32-33 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

not err in granting the no-evidence motion for summary judgment. We do not consider the traditional motion for summary judgment because the no-evidence motion for summary judgment is dispositive of the entire case. Appellant's sole issue is overruled.

Additionally, Gyrodata presents a cross-point seeking a reformation of the trial court's summary judgment. Citing *Rhodes v. McCarron*, 763 S.W.2d 518, 521 (Tex. App.—Amarillo 1988, writ denied), Gyrodata asserts that the judgment should be modified to reflect a take-nothing judgment. We agree. When a "plea in bar" is sustained, the trial court should render a take-nothing judgment. *Tex. Highway Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967). Gyrodata's cross-point is sustained.

*This Court's Ruling*

The judgment of the trial court is modified to reflect a take-nothing judgment in favor of Gyrodata Incorporated. As modified, the judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


December 10, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.