*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-11-00091-CV

Gerardo **MARTINEZ** and Sandra L. Martinez, Individually and as Next Friends of Yancy
Abigail Martinez, Minor Child,
Appellants

v.

**WAHL LANDSCAPE, INC**.,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-0923
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:   Phylis J. Speedlin, Justice

Sitting:   Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  April 18, 2012

AFFIRMED

Gerardo Martinez and Sandra L. Martinez, individually and as next friends of minor child Yancy Abigail Martinez, appeal the trial court's order granting the motions for summary judgment filed by Wahl Landscape, Inc.  We affirm the judgment of the trial court.

## BACKGROUND

On August 9, 2007, eight year-old Yancy Martinez was riding in the backseat of a car traveling eastbound on Durango Boulevard near the intersection of Interstate 37.  At the same

time, Jesus Frank Diaz, an employee of Ronald Koby d/b/a R.K. Construction ("Koby") was shredding grass using a commercial tractor-pulled shredder on a property located on Durango Boulevard. A 4.5-inch piece of cast iron flew from the direction of the shredder and through the rear window of the Martinez vehicle, striking Yancy on her head and completely fracturing her skull. Koby was hired by Wahl Landscape, Inc. to perform the lawn care maintenance on a property known as Victoria Plaza located at or near the 700 block of Durango Boulevard.

The Martinezes sued Koby and Wahl for negligence and also alleged that Wahl was liable under the doctrine of respondeat superior for the acts and/or omissions of its independent contractor, Koby, and/or his employee, Diaz. Wahl filed a traditional motion for summary judgment on all the claims asserted by the Martinezes in their second amended petition. Prior to the hearing on the motion, the Martinezes filed their third amended petition, adding claims for negligent hiring, retention, training, and supervision against Wahl. On July 26, 2010, the trial court granted the motion for summary judgment as to all the claims asserted in the Martinezes' second amended petition, but noted that the claims regarding negligent hiring, retention, training, and supervision asserted in the third amended petition remained pending.

Thereafter, Wahl filed both a no-evidence motion for summary judgment and a traditional motion for summary judgment on the claims for negligent hiring, retention, training, and supervision. In the no-evidence motion, Wahl averred that as a matter of law it owed no duty to the Martinezes because there was no evidence that Koby was incompetent or that Wahl knew or should have known that Koby was incompetent. In the traditional motion, Wahl contended it exercised due diligence in the hiring and retention of Koby with regard to the Victoria Plaza property because Koby had been in the landscaping business for twenty years and Wahl was not aware of any incidents resulting from Koby's activities during this time.

Additionally, Koby had contracts to perform landscaping services for the City of San Antonio, who presumably had stringent hiring standards. Thus, there was not a scintilla of evidence that Wahl knew or should have known that Koby was incompetent.

As to the claims of negligent supervision and training, Wahl argued that they were necessarily intertwined with and disposed of as a result of the trial court's previous summary judgment ruling on July 26, 2010 with regard to Koby's independent contractor status. Nevertheless, Wahl continued to argue that it owed no duty to the Martinezes and could not be negligent because: it had no right to control Koby's work; it had no obligation to furnish tools to Koby; Koby's work was independent of Wahl's work; Koby only worked on the project for a single day; and Koby was paid by the job. Attached to the motion were: the deposition of Ronald Koby, the deposition of Joey Wahl, the affidavit of Joseph Wahl, and the trial court's order on Wahl's traditional motion for summary judgment signed on July 26, 2010.

The Martinezes filed a separate response to each motion seven days before the summary judgment hearing. Both responses state that Koby was not competent to cut the grass at Victoria Plaza because he used the wrong equipment to carry out his duties on the day in question. In support, they pointed out that the owner's manual for the shredder used by Koby states that the shredder should not be used within 300 feet of people or public roads, and that on the day of the accident the shredder was being used less than 100 feet of vehicular traffic on Durango Street. They also reference a report from Kurt M. Marshek, Ph.D., P.E. opining that Koby should have known that rotary mowers have a propensity to throw objects encountered in the mowing path and that the accident was proximately caused by Diaz's failure to use safe mowing procedures and follow the safety manual for the rotary mower. Attached to the responses were a photograph of Yancy, two pages from the shredder's operator's manual, and excerpts from the deposition of

Joseph Wahl. Marshek's report was not attached. The two pages from the operator's manual do not state that the shredder should not be used within 300 feet of people or public roads.

One day before the hearing, the Martinezes filed a supplemental response to the traditional motion; the supplemental response contained for the first time Marshek's investigative report as well as the police report of the August 9, 2007 incident. Additionally, the supplemental response contained the full operator's manual for the mower, as opposed to the first two pages of the manual that were previously filed seven days before the hearing. The trial court granted both motions for summary judgment and severed the action with respect to Koby into a separate cause number. The Martinezes timely appealed.

## STANDARD OF REVIEW

We review de novo the trial court's ruling on a summary judgment motion. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional summary judgment motion, the movant must establish that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). After an adequate time for discovery, a party may move for no-evidence summary judgment on the ground that no evidence exists of one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The burden then shifts to the nonmovant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The trial court must grant the motion unless the nonmovant presents more than a scintilla of evidence raising a fact issue on the challenged elements. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)

("More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'"). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

Except to attack the legal sufficiency of the movant's grounds for summary judgment, the nonmovant must expressly present to the trial court in a written answer or response any reason for avoiding the movant's entitlement to summary judgment. *See* TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993). Any issue not expressly presented to the trial court in a written motion or response may not be raised as grounds for reversal on appeal. *See Green v. Unauthorized Practice of Law Comm.*, 883 S.W.2d 293, 300 (Tex. App.—Dallas 1994, no writ). Rule 166a(c) provides that the nonmovant may file a response to a motion for summary judgment no later than seven days prior to the summary judgment hearing. *See* TEX. R. CIV. P. 166a(c); *see also Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex. App.—Dallas 1995, writ denied). To file within seven days, the adverse party must obtain leave of court. *See Sullivan*, 943 S.W.2d at 486. The trial court does not abuse its discretion by refusing to consider an untimely response to a motion for summary judgment. *See id.* If nothing appears of record to indicate the late filing of a summary judgment response was with leave of court, we presume the trial court did not consider the late response. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996) (citing *INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985)).

## DISCUSSION

On appeal, the Martinezes contend the trial court erred in rendering summary judgment in favor of Wahl because fact issues exist regarding whether Wahl negligently hired, retained, and

supervised Koby. An employer is liable for negligent hiring if it "hires an incompetent or unfit employee whom it knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.); *see also Martinez v. Hays Const., Inc.*, 355 S.W.3d 170, 180 (Tex. App.—Houston [1st Dist.] 2011, no pet.). In other words, an employer has a duty to use ordinary care in employing an independent contractor. *McClure v. Denham*, 162 S.W.3d 346, 354 (Tex. App.—Fort Worth 2005, no pet.); *Ross v. Tex. One P'ship*, 796 S.W.2d 206, 216 (Tex. App.—Dallas 1990), *writ denied,* 806 S.W.2d 222 (Tex. 1991) (per curiam). An employer owes a duty to the general public to ascertain the qualifications and competence of the employees and independent contractors it hires, "especially when the employees are engaged in occupations that require skill or experience and that could be hazardous to the safety of others." *Morris*, 78 S.W.3d at 49.

Here, there is no summary judgment evidence that Koby was incompetent. To the contrary, Wahl presented evidence that it chose Koby for his expertise in shredding grass. Specifically, Koby had twenty years of experience in the landscaping business and Wahl was not aware of any incidents resulting from Koby's activities during this time. Additionally, Koby performed landscaping services for the City of San Antonio.

Moreover, the evidence presented by the Martinezes fails to raise a genuine issue of material fact that Wahl knew or should have known of Koby's incompetence, if any. The Martinezes rely on the shredder's operator's manual as well as the report of Kurt Marshek to show that Koby used the wrong equipment for the project, and therefore a question of material fact exists regarding the hiring of Koby. However, Marshek's report and the full operator's manual for the shredder was filed a day before the summary judgment hearing. Summary

judgment evidence may be filed late, but only with leave of court. TEX. R. CIV. P. 166a(c). There is no order in this record granting the Martinezes leave to file the late response. Thus, Marshek's report and the full operator's manual were not properly before the trial court on the motions for summary judgment. *See Crowder*, 919 S.W.2d at 663; *Bryant*, 686 S.W.2d at 615. Thus, the Martinezes failed to raise a genuine issue of material fact that Wahl knew or should have known of Koby's incompetence, if any. Absent evidence of incompetence, the Martinezes cannot support their claims for negligent hiring, retention, and supervision.[1] Accordingly, the trial court did not abuse its discretion in granting the motions for summary judgment. The Martinezes' issue on appeal is overruled, and the judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice

---

[1] On appeal, the Martinezes only challenge the granting of the summary judgment motions as to their claims for negligent hiring and retention. Accordingly, we do not separately address the claim of negligent supervision. *See* TEX R. APP. P. 38.1; *Brown v. Hearthwood II Owners Ass'n., Inc.*, 201 S.W.3d 153, 161 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (holding argument can be waived for failure to adequately brief).